IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHERYL J. CAUSEY**, Executrix of
the Estate of Larue Causey,

        Plaintiff,

v.                                                  CASE NO. 2:19-cv- 2:19-cv-00315

**PANKAJ SETH** and
**AJAY AGGARWAL**,

        Defendants.

## COMPLAINT

**COMES NOW** Cheryl J. Causey, in her capacity as Executrix of the Estate of Larue Causey, and says as follows for her Complaint against Pankaj Seth ("Seth") and Ajay Aggarwal ("Aggarwal" and, collectively, "the Defendants").

*Introduction*

*This action arises from the Promissory Note dated 22 September 2015 in which the Defendants promised to pay the Estate of Larue Causey the principal sum of $200,000. On account of the Defendants' defaults of payment and performance, the Plaintiff is entitled to recover the current principal balance of $156,000, together with prejudgment interest at the rate of 5.5%, and all cost of collection, including reasonable attorneys' fees.*

## The Parties

1. Cheryl J. Causey is, and was at all times relevant to this action, a resident of Kanawha County and a citizen of West Virginia. She is the Executrix of the Estate of Larue Causey, having been so appointed by the Kanawha County Fiduciary Supervisor.

2. Pankaj Seth is, and was at all times relevant to this action, a citizen of the Commonwealth of Virginia, residing in Herndon, Fairfax County, Virginia.

3. Ajay Aggarwal, is, and was at all times relevant to this action, a citizen of the State of Texas, residing in Sugarland, Fort Bend County, Texas.

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because it is an action between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## The Note

6. On or about 22 September 2015, in Kanawha County, West Virginia, the Defendants executed and delivered to the Plaintiff a promissory note ("the Note") for the principal sum of $200,000.

7. A true copy of the Note is attached hereto as Exhibit A and the Note is incorporated herein by this reference.

8. Under the Note the Defendants promised to pay said principal sum to the Plaintiff, with interest at the rate of 5.5% per annum, according to the schedule set forth in the Note.

9. The Note provides that all payments were due in South Charleston, West Virginia

10. The Defendants have reduced the principal amount owed under the Note to $156,000, with two payments of payments of $22,000 each, which were made in September of 2016 and August of 2017.

*Payment Default*

11. The Note required the Defendants to make payments of "accrued interest on the first day of each calendar quarter, beginning on January 1, 2016."

12. With the principal balance reduced to $156,000, such quarterly interest payments should be in the amount of $2,145 each.

13. The Defendants are in <u>payment default</u> under the Note because they failed to make the last four quarterly interest payments: July and October of 2018, and January and March of 2019.

*Performance Default*

14. The Note requires each Defendant to provide certain information ("the Required Information") to the Plaintiff every year until the Note is paid in full; to wit: a) a copy "his personal financial statement prepared by his accountant as of December 31st of the preceding year"; and b) "a copy of his signed federal income tax return," to be provided at the time of filing.

15. Neither of the Defendants provided the Required Information to the Plaintiff in 2018 and 2019.

16. Each of the Defendants is in <u>performance default</u> by failing to provide the Required Information to the Plaintiff in 2018 and 2019.[1]

*Notice of Default*

17. With respect to the Note, the Defendants are not "Consumers" within the meaning of W. Va. Code 46A-1-102(12). Accordingly, they are not entitled to any notice of default and they have no right to cure a default under the Note or West Virginia law.

18. Nonetheless, on 26 March 2019 the Defendants were provided with written Notice of Default and granted ten days in which to cure the defaults.

19. The Defendants did not cure any part of the above-noted defaults.

*Acceleration and Costs*

20. As is her right under the Note, the Plaintiff "declare[d] the Note to be immediately due and payable."

21. In the Note the Defendants agreed "to pay all costs of collection, if this Note is not paid when due and the same is given to any attorney for collection."

*The Plaintiff's Right of Recovery*

22. The Plaintiff is entitled to immediately recover from the Defendants, and each of them, the principal sum of $156,000, together with pre-judgment interest at the rate of 5.5% from 1 April 2018, and all costs, fees and expenses of this action, including reasonable attorneys; fees.

---

[1] The Defendants have never provided the Required Information, but the Plaintiff here asserts the performance defaults only for 2018 and 2019.

23.     Given the nature of this action and the amount in controversy, attorney's fees between $31,200 and $51,480 (20% to 33% of the principal claim sued upon) would be reasonable.

**WHEREFORE**, Cheryl J. Causey, Executrix of the Estate of Larue Causey, prays:

1. That she be awarded judgment against the Defendants, and each of them in the principal amount of $156,000;

2. That she be awarded pre-judgment interest of $9,094.50 for the period 1 April 2018 to 22 April 2019, and $23.50 per day thereafter until the entry of judgment;

3. That she be awarded all costs fees and expenses of this action, including attorneys' fees of not less than $31,200 and up to $51,480, as the Court deems warranted; and

4. That she be awarded post-judgment interest as provided by law, along with all such other and further relief as may be proper and just.

**CHERYL J. CAUSEY**,
Executrix of the Estate of Larue Causey**,**
By counsel,

   */s/ W. Bradley Sorrells*
W. Bradley Sorrells (WV 4991)
Robinson & McElwee PLLC
Post Office Box 1791
Charleston, West Virginia 25301
(304) 344-5800